UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
WILLIAM K. DUFFY, KENNETH HUBER, PHILLIP
CAPOBIANCO, JOHN DUFFY, PAUL O'BRIEN,
ROBERT CARLINO, JAMES HEANEY, ROBERT P.
POLITO, SCOTT ADRIAN and THOMAS WALTERS,
as Trustees of LOCAL 138, 138A & 138B,
INTERNATIONAL UNION OF OPERATING ENGINEERS
WELFARE FUND, LEGAL FUND, VACATION FUND,
APPRENTICESHIP TRAINING FUND, AND ANNUITY
FUND, AND MICHAEL FANNING AS CEO OF THE
CENTRAL PENSION FUND,

CV-03 5674

SEYBERT, J.

BOYLE, M.

**COMPLAINT**

Case No.:

Plaintiffs,

-against-

BEDROCK DEVELOPMENT, INC.,

Defendants.
----------------------------------------x

RECEIVED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ NOV 1 0 2003 ★

ENTERED

Plaintiffs, by their attorneys, MEYER, SUOZZI, ENGLISH & KLEIN, P.C., complaining of the Defendant, respectfully allege:

### NATURE OF ACTION

1. This action is based on the provisions of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and on §§515 and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1145 and 1132(a)(3). Plaintiffs bring this civil action against Defendant for failing to comply with its statutory and contractual obligations pursuant to its collective bargaining agreement with the Local 138, 138A and 138B, International Union of Operating Engineers, AFL-CIO (hereinafter, the "Union").

**JURISDICTION AND VENUE**

2. Jurisdiction is conferred upon this Court under 28 U.S.C. §§1331 and 1367, by §§502(e)(1) and (f) of ERISA, 29 U.S.C. §§1132(e)(1)(f), and by §301(a) of LMRA, 29 U.S.C. §185(a).

3. Venue properly lies in this district under §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and under §301(c) of LMRA, 29 U.S.C. §185(c). Service may be made on Defendant in any district in which it may be found pursuant to §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

**PARTIES AND BACKGROUND**

4. Plaintiffs WILLIAM K. DUFFY, KENNETH HUBER, PHILLIP CAPOBIANCO, JOHN DUFFY, PAUL O'BRIEN, ROBERT CARLINO, JAMES HEANEY, ROBERT P. POLITO, SCOTT ADRIAN and THOMAS WALTERS, as Trustees of LOCAL 138, 138A & 138B, INTERNATIONAL UNION OF OPERATING ENGINEERS WELFARE FUND, LEGAL FUND, VACATION FUND, APPRENTICESHIP TRAINING FUND, AND ANNUITY FUND, AND MICHAEL FANNING AS CEO OF THE CENTRAL PENSION FUND (hereinafter, collectively, the "Funds"), with their principal place of business at 137 Gazza Boulevard, Farmingdale, New York 11735.

5. At all relevant times, the Funds are and have been employee benefit welfare plans and/or employee benefit pension plans as defined in ERISA, 29 U.S.C. §1002(1) and (2), and multi-employer plans within the meaning of ERISA, 29 U.S.C. §§1145 and 1002(37)(A).

These various Funds are at all relevant times "Taft Hartley" plans, meeting the requirements of 29 U.S.C. §186(c)(5).

6.  The non-party Union is a labor organization within the meaning of §2(5) of the Labor Management Relations Act, 29 U.S.C. §152(c), with their principal place of business at 137 Gazza Blvd., Farmingdale, New York 11735.

7.  Upon information and belief, Defendant BEDROCK DEVELOPMENT, INC. is a New York corporation and/or authorized to conduct business within the State of New York, with a principal place of business at 734 Franklin Avenue, Suite 449, Garden City, New York 11530. Defendant is an "employer" within the meaning of the National Labor Relations Act §2(2), 29 U.S.C. §152(2) and ERISA, 29 U.S.C. §1002(5).

### AS AND FOR A FIRST CLAIM FOR RELIEF

8.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs numbered 1 through 7 hereof, as if fully set forth herein.

9.  At all times relevant to the allegations of this Complaint, the Defendant and the Union have been parties to and bound by a collective bargaining agreement (hereinafter, the "Agreement") governing the rates of pay, wages, hours of employment and other conditions of work of Union members and others employed by Defendant. At all times mentioned herein, the Agreement was in full force and effect.

10. Pursuant to the Agreement, Defendant is required to hire and utilize operating engineers through an exclusive hiring hall administered by the Union and in the performance of covered employment within the jurisdiction of the Union.

11. Pursuant to the Agreement, Defendant is required to pay all employees performing covered employment within the jurisdiction of the Union an agreed upon wage rate.

12. Pursuant to the Agreement, Defendant is required to pay benefit contributions and/or wage supplements to the Funds in agreed amounts and specified percentages of the wages of employees engaged in covered employment within the jurisdiction of the Union. The Agreement also provides for payment by a delinquent employer of all contributions owed, together with liquidated damages, interest, attorneys fees, court costs and audit fees, all in accordance with ERISA.

13. Pursuant to §209 of ERISA, 29 U.S.C. §1059, Defendant has a duty to maintain adequate records regarding the hours worked by its employees for whom fringe benefit contributions have and/or are required to be paid into the Funds.

14. Pursuant to the terms and conditions of the Agreement, Defendant is required, *inter alia*, to file certain employer contribution reports with the Funds, and it is further required to permit and cooperate in the conduct of audits of its books and payroll records and to furnish to the Funds such information, books, records

and reports as are required to ensure compliance with the terms of the Agreement, and to ascertain the amount of fringe benefit contributions due the Funds.

15. Despite due demand by the Funds, Defendant has failed and refused to permit and cooperate in the conduct of an audit of its books and records, and/or has failed and refused to furnish to the Funds required information, books, records and reports to ensure compliance with the terms of the Agreement and to ascertain the amount of fringe benefit contributions due the Funds.

16. By reason of the foregoing, Defendant has breached its contractual and statutory obligations to the Funds, and Plaintiffs have been damaged.

17. By reason of the foregoing, Plaintiffs pray for an Order requiring Defendant to permit and cooperate in the conduct of an audit of its books and payroll records, and to furnish to the Funds required information, books, records and reports, in accordance with its statutory and contractual obligations, and that Plaintiffs recover from Defendant the damages sustained by them as disclosed in such audit.

### AS AND FOR A SECOND CLAIM FOR RELIEF

18. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

19. Section 515 of ERISA, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement, to make such contributions in accordance with the terms and conditions of such plan or such agreement.

20. The Funds are multi-employer plans as defined in §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A).

21. By virtue of the Agreement, Defendant is statutorily required to make contributions to the Funds pursuant to §515 of ERISA, 29 U.S.C. §1145.

22. The failure, refusal or neglect of Defendant to make the required contribution payments to the Funds constitutes a violation of Defendant's statutory duty, and has injured the Funds by delaying the investment of contributions and causing unnecessary administrative expense to the Funds.

23. Section 502 of ERISA, 29 U.S.C. §1132, provides that upon a finding of an employer violation of §515 of ERISA, 29 U.S.C. §1145, the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus interest on the unpaid principal computed at a rate set forth in the plan, or if none, as set froth in the United States Internal Revenue Code [29 U.S.C. §6621], plus an additional amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for under the plan

not in excess of 20% of the unpaid contributions, together with the reasonable attorneys' fees, costs and disbursements incurred in the action.

24. By reason of the foregoing, Defendant is liable to the Funds for unpaid contributions as required under the Agreement in an amount to be determined, plus interest on the unpaid contributions from the date each such unpaid contribution became due as set forth in the Agreement, plus an additional amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for under the Agreement up to the sum of 20% of the unpaid contributions, plus such additional sums for unpaid contributions, interest and liquidated damages as have and may hereafter come due during the pendency of this action, together with reasonable attorneys' fees, costs and disbursements, all pursuant to §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

### AS AND FOR A THIRD CLAIM FOR RELIEF

25. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. By reason of the foregoing, Plaintiffs pray for an order requiring Defendant to comply in all respects with the terms an conditions of the Agreement, to supply all required information, and to pay the agreed upon fringe benefit contributions and/or wage supplements in accordance with Defendant's obligations under the Agreement.

**WHEREFORE**, Plaintiffs demand judgment against defendant, as follows:

(a) On the First Claim for Relief, entry of an Order directing the Defendant to permit and cooperate in the conduct of an audit of its books and records, and to furnish to the Funds required information, books, records and reports in accordance with ERISA and its obligations under the Agreement and in order that Plaintiffs may calculate the fringe benefit contributions and/or wage supplements owed by the Defendant, and that Plaintiffs recover same from Defendant together with audit costs and legal fees and costs;

(b) On the Second Claim for Relief, damages for unpaid contributions as required under the Agreement, plus interests thereon from the time each such unpaid contribution was due pursuant to the Agreement and ERISA §502(g)(2), 29 U.S.C. §1132(g)(2);

(c) On the Second Claim for Relief, an additional amount equal to the greater of (i) the amount of interest awarded pursuant to paragraph (b) above, or (ii) liquidated damages provided for under the Agreement up to the sum of 20% of the unpaid contributions, as mandated by ERISA §502(g)(2)(c), 29 U.S.C. §1132(g)(2)(c);

(d) On the Second Claim for Relief, damages for unpaid contributions as have and may hereafter come due during the pendency of this action, together with interest and liquidated damages thereon pursuant to §502(g)(2) of ERISA 29 U.S.C. §1132(g)(2);

(e) On the Second Claim for Relief, for all costs,

disbursements and reasonable attorneys' fees incurred as mandated by ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D);

(f) On the Third Claim for Relief, entry of an Order directing the Defendant to comply in all respects with the terms and conditions of the Agreement, to supply all required information and to pay the agreed upon fringe benefit contributions and/or wage supplements in accordance with Defendant's obligations under the Agreement; and

(g) Directing such other and further relief as to this Court seems just and proper.

Dated: Mineola, New York
November 7, 2003

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: _____
Richard R. Rodriguez (RRR 7545)
Attorneys for Plaintiffs
1505 Kellum Place
Mineola, New York  11501
(516) 741-6565

423675