UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

WILLIAM K. DUFFY, KENNETH HUBER, PHILLIP
CAPOBIANCO, JOHN DUFFY, PAUL O'BRIEN,
ROBERT CARLINO, JAMES HEANEY, ROBERT P.
POLITO, SCOTT ADRIAN and THOMAS WALTERS,
as Trustees of LOCAL 138, 138A & 138B,
INTERNATIONAL UNION OF OPERATING
ENGINEERS WELFARE FUND, LEGAL FUND,
VACATION FUND, APPRENTICESHIP TRAINING
FUND, AND ANNUITY FUND, AND MICHAEL
FANNING AS CEO OF THE CENTRAL PENSION
FUND,

**AFFIDAVIT IN
SUPPORT OF ENTRY
OF DEFAULT
JUDGMENT AND
AWARD OF
ATTORNEYS' FEES
AND COSTS**

                                        Plaintiff(s),

                    - against -

Index No. CV-03-5674 (JS) (ETB)

BEDROCK DEVELOPMENT, INC.,

                                        Defendant(s).
------------------------------------------------------------

**KRISTINA D. JUDICE**, being duly sworn, deposes and says:

1.    I am an attorney admitted to practice before this Court.  I am associated with the firm of Meyer, Suozzi, English & Klein, P.C., attorneys for the plaintiffs herein, and I am fully familiar with the facts and circumstances herein stated.

2.    I make this affidavit pursuant to the May 20, 2004 Order of the Honorable E. Thomas Boyle (annexed hereto as Exhibit "1"), and in support of plaintiffs' application for entry of default and award of attorneys' fees, costs and disbursements in the amount of $2080.00 incurred by plaintiffs in the prosecution of this action.

3.    This is an action for breach of defendant's statutory and contractual obligations in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"), and the Labor Management Relations Act of 1947, 29 U.S.C. §141 et seq. ("LMRA").

This action was commenced by the Trustees of the Local 138, 138A & 138B, INTERNATIONAL UNION OF OPERATING ENGINEERS WELFARE FUND, LEGAL FUND, VACATION FUND, APPRENTICESHIP TRAINING FUND, and ANNUITY FUND, and MICHAEL FANNING as CEO of the CENTRAL PENSION FUND ("Funds"), which are jointly administered Taft-Hartley employee benefit funds.

4.     On November 10, 2003, this action was commenced pursuant to §502 of ERISA, 29 U.S.C. §1132, to compel defendant to comply with its obligation to supply all required information and records for a payroll compliance audit by the Funds, and to recover monetary contributions required to be paid by defendant to plaintiffs pursuant to §515 of ERISA, 29 U.S.C. §1145.

5.     Plaintiffs' commenced this action only after repeatedly notifying defendant of its legal obligation to schedule an audit of its' books and records. (See Letter from John Sommeso to Bedrock Development dated August 8, 2003; letter from Meyer, Suozzi, English & Klein, P.C. ("MSEK") to Bedrock Development dated August 26, 2003; letter from MSEK to Bedrock Development dated September 26, 2003; and letter from MSEK to Bedrock Development dated October 24, 2003, collectively annexed hereto as Exhibit "2").

6.     Defendant has continually ignored plaintiffs' demands, and have ignored the summons and complaint filed and served by plaintiffs. Accordingly, plaintiffs have moved for entry of default, pursuant to Federal Rule of Civil Procedure 55(a). (See Docket Nos. 5-7 Request to Enter Default, Default Judgment, Affidavit in Support of Default Judgment; Plaintiffs' Memorandum of Law in Support of Default Judgment Directing An Audit of Defendant's Books and Records and An Award of Attorneys' Fees and Costs and Clerk's Certificate).

-2-

7. On January 22, 2004 the clerk of the court noted the default of defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (See Docket No. 8 Clerk's Notation of Default).

8. It was only after plaintiffs were required to institute this civil action to compel compliance with defendant's obligation to permit an audit, and only after plaintiffs were forced to move for default, that defendant permitted access by plaintiffs' auditors to certain of defendants books and records on March 22, 2004. (See Payroll Audit of Bedrock Development, Inc. annexed hereto as Exhibit "3").

9. Defendant has demonstrated a wilful disregard of its obligation to permit an audit and bad faith during the pendency of this action, which has resulted in the Funds' incurring the costs of this litigation. As cited in Plaintiff's Memorandum of Law in Support of Default Judgment, pursuant to §502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1), plaintiffs are entitled to reasonable attorneys' fees and costs in this action. (See Docket No. 5).

10. A copy of Meyer, Suozzi, English & Klein's billing history for this matter is annexed hereto as Exhibit "4." As the annexed time records show, the total amount of attorneys' fees and costs billed to the client in this action, as of February 10, 2004, comes to $1,430.00 and $275.00 respectively.

11. The undersigned (employee no. 198) is expected to expend an additional three (3) hours in connection with this matter and in preparing the within application, amounting to an additional $375.00, amounting in all to $2,080.00 in legal fees and costs.

12. Meyer, Suozzi, English & Klein, P.C., attorneys for plaintiffs customarily charge plaintiffs $125.00 per hour for the time of the undersigned, in handling litigations as involved here. This office customarily charges $185.00 per hour for the time of partner Marty G. Glennon

-3-

(employee no. 190), $125.00 per hour for the time of associate Richard R. Rodriguez (employee no. 176), and $75.00 per hour for the time of legal assistant Beth Murphy (employee no. 190). It is respectfully submitted that the rates charged in this case are reasonable given the experience and expertise of the attorneys handling this case, and that the rates charged are comparable to other firms in the geographical location where attorneys from Meyer, Suozzi, English & Klein, P.C. practice.

13.     The total amount of attorneys fees and disbursements in this action, as of June 3, 2004, comes to $1,805.00 and $275.00, respectively, and amounting in all to $2,080.00 in attorneys' fees and disbursements as of June 3, 2004.

**WHEREFORE**, plaintiffs respectfully request that the default judgment in favor of plaintiffs in this matter should include $2,080.00 consisting of attorneys' fees and disbursements through June 3, 2004.

/s/ Kristina D. Judice
Kristina D. Judice (KDJ 6167)

Sworn to before me this
7th day of June, 2004

/s/ Elizabeth B. Murphy*
Notary Public

**ELIZABETH B. MURPHY**
**Notary Public, State of New York**
**No. 01MU6108249**
**Qualified in Nassau County**
**Commission Expires April 12, 20 08**

*Original signed document available upon request.

454713

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILLIAM K. DUFFY et al.,

                                    Plaintiffs,

                                                              ORDER

            -against-                          03-CV-5674 (JS) (ETB)


BEDROCK DEVELOPMENT, INC.,

                                    Defendant.
-----------------------------------------------------------------X

        An inquest on damages in the above-captioned case will be held at 2:00 p.m. on June 15,
2004 before E. Thomas Boyle, United States Magistrate Judge, in Courtroom 830, Alfonse M.
D'Amato U.S. Courthouse, Central Islip, New York.

        In anticipation of the above referenced inquest, plaintiff's counsel is directed to submit
and serve on all parties a statement with respect to the amount of damages, including attorney's
fees, to which they believe plaintiff is entitled by June 8, 2004. Copies of any and all
documentary evidence relied on to prepare the statement, including specific information on how
computations were completed, must also be submitted. For example, if interest is sought,
detailed information on the interest rate used and how the total interest was computed is
necessary ( i.e., simple interest or interest compounded yearly, monthly, weekly or daily).

        Plaintiff's counsel is directed to serve a copy of this Order on counsel for all parties
appearing in this case.


SO ORDERED.

Dated: Central Islip, New York
        May 20, 2004


                                        _____
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge

                                        PLAINTIFF'S
                                        DEFENDANT'S COUNSEL IS DIRECTED
                                        TO SERVE A COPY OF THIS ORDER
                                        ON ALL PARTIES UPON RECEIPT

**EXHIBIT A**

# INTERNATIONAL UNION OF OPERATING ENGINEERS

# LOCAL UNION 138, 138A AND 138B

## NASSAU AND SUFFOLK COUNTIES

### NEW YORK

GAZZA BOULEVARD • FARMINGDALE, NEW YORK
TELEPHONE (631) 694-2480
TELECOPIER (631) 753-6760

# AGREEMENT
# COVERING WAGES AND WORKING
# CONDITIONS

EFFECTIVE DATE: JUNE 1, 2000 THROUGH MAY 31, 2004

247-C

If a check is returned for insufficient funds or any other reason, the Employer will be required thereafter to pay all contributions to the Local 138 Clearance Account-Stamp Fund by certified or bank check, or by cash.

The Trust Agreements governing the various Trust Funds to which the foregoing contributions are to be made shall be a part of this Agreement, with the same force and effect as if fully incorporated herein, and an Employer not previously bound to said Trust Agreements, hereby agrees that upon the execution of this Agreement, it shall be deemed party to said Trust Agreement.

**Section 2-A.** The terms and conditions of this Article IV shall be binding upon its employers who rent construction equipment listed herein or of the kind usually operated by the members of the Union as follows:

In all instances and upon the full wages earned by employees supplied to the lessor of the equipment through the hiring hall, at the lessor's request.

In all instances in which the employee is expected to pick up the machine to deliver the same to a job site or is to return said machine from the job site to the lessor's yard or to another job site.

In all instances in which the operator reports to the job site with the machine.

In all instances in which the employee reports to the lessor as a result of having filed in the hiring hall an "Out of Work" card, requesting recall.

In all instances in which the lessor obtains the operator regardless of the course.

**Section 2-B.** Bonding: In such circumstances where there has been an audit of an Employer, and no deficiency has been found within (6) six months preceding the execution of this Agreement, an Employer who is a member in good standing of the Long Island Contractors Association or the Building Contractors Association shall not be required to be bonded.

In such circumstances where there has been no such audit, or where the Trustees, in their discretion, have determined, either by an audit conducted by the Fringe Benefit Funds' auditors or otherwise, that an Employer has underpaid fringe benefits or where the Employer has not been previously signatory to a collective bargaining agreement, the Employer shall be bonded in sufficient amounts that guarantee all fringe benefits and shall post a bond in the sum of $100,000.00. The Union and/or Fund Trustees reserve the right to impose a higher bonding requirement based on the projected work on a particular job or the projected work of the Employer generally.

Employers shall be bonded in sufficient amounts to guarantee all fringe benefits, if found to be delinquent.

If an Employer is unable to secure bonding, monies equivalent to the amount of the bonding originally required shall be deposited with the Funds.

**Section 2-C.** It is further agreed that the Employer and/or Employers who rent equipment, shall assume full responsibility in reference to New York State Vehicle and Traffic Laws, under Section 385 and any and all County Laws, with regard to mobile and portable equipment set forth in this Agreement. The Employer shall pay all fines and loss of wages for appearances for or in reference to incidents incurred in or on behalf of the Employer.

**Section 2-D.** Failure or refusal to purchase a Consolidated Stamp, to pay Fund contributions, or to comply with the provisions of this Agreement shall constitute a breach of this Agreement by the defaulting Employer, and the Union, without further notice, reserves the right to forthwith withdraw employees from jobs of the Employer until compliance herewith, or take such other action as it deems necessary, any terms of this Agreement to the contrary notwithstanding.

In the event work is halted for the reason of the failure of the Employer, contractor or subcontractor to maintain its payments of any monies to the Funds, or its other obligations under this Agreement, the employees who are taken off the job shall be paid retroactively for any time lost during the aforementioned period before payment is made to the Funds or compliance with the Agreement is satisfied, and the employees return to the job.

**Section 2-E.** Employers delinquent in the payment of required monies to the Funds shall be liable for immediate payment of all delinquencies, interest on the unpaid amount until all such amounts shall be paid, the cost of legal fees reasonably incurred in collecting the delinquent payments and all damages as provided for by the applicable Trust Agreement. For the purpose of this provision, interest will be computed at the prime rate.

FOR THE ASSOCIATION/EMPLOYER:

Restonk Development Inc.
Name of Employer (Please Print)

Signature of Principal

734 Franklin Ave Suite 449
Street Address of Employer

Sean Flaherty    President
Print Principal's Name and Title

Garden City   NY   11530
City, State and Zip Code

11-3399014
Employer's Social Security No./EIN. No.

50-549-1195
Telephone Number of Employer

Hardweager & Sons
Worker's Compensation Carrier

718-274-4728
Fax Number of Employer

WC 6552005
Worker's Compensation Policy No.

Date: June 7, 2002

- 21 -

**EXHIBIT 2**

# International Union of Operating Engineers

## Local Unions 138, 138A, 138B & 138C

VIA FACSIMILE AND CERTIFIED MAIL

August 8, 2003

Mr. Sean Flaherty, President
Bedrock Development, Inc.
734 Franklin Avenue
Suite 449
Garden City, New York 11580

Dear Sir or Madam:

Please be advised that in accordance with the terms on your Collective Bargaining Agreement with Local 138, 138A and 138B, International Union of Operating Engineers ("Local 138"), we intend to schedule an audit of your payroll and related records within the next five business days to confirm that contributions to the Local 138 Fringe Benefit Funds owed pursuant to your Collective Bargaining Agreement with Local 138 have been paid in full for the last preceding sixteen (16) month period.

Those records to be examined shall include the following:

Annual Tax Returns, Employers (I.R.S.) Form 940

Employers Quarterly Returns (I.R.S.) Form 941

New York State Unemployment Insurance Tax Returns

Individual Employee Payroll Records

Weekly Payroll Books

Cash Disbursement Books

A list of all jobs performed during the audit period within the jurisdiction of Local 138

Employee W2 Forms

Copies of Remittance Reports to all Local 138 Benefit Funds

Copies of Payroll Reports to all Local 138 Benefit Funds

Copies of Canceled Checks to all Local 138 Benefit Funds

New York State Forms WT4A/B and NYS-4

Page 1 of 2

August 8, 2003
(cont'd)

If you are a Local 138 member who is the principal of the corporation (e.g. officer, shareholder), records should also be provided to substantiate your hours worked as an operating engineer. These may include, but are not limited to, certified payroll records (when applicable), daily logs of named individuals operating machinery, and/or individual job records detailing machines operated, hours worked and work performed. Examination of job proposals, invoices and sales journals by auditor may also be required.

Please contact our auditors, Schultheis & Panettieri within the prescribed period to set up an appointment for this audit. They can be reached at (516) 273-4778.

You are advised that if you fail to produce the books and records necessary for a proper audit, we shall consider the commencement of legal proceedings to compel an examination of your books and records.

Notice if further given that it is a violation of the Collective Bargaining Agreement for you to fail to furnish proper records upon request for the purpose of completing an audit. In such case, Local 138 is entitled to remove its members and, in such case, your company would be subject to the appropriate pay penalties for each operating engineer for lost time.

I trust that you will cooperate fully in this matter.

Very truly yours,

John Sommeso
Administrator

JS/lp
cc: Robert M. Archer, Esq.
    Vincent Panettieri, CPA
    Techcon Contracting, Inc.
    Liro Engineering and Const. Mgmt.

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

COUNSELORS AT LAW

1505 KELLUM PLACE

MINEOLA, NEW YORK 11501-4824

516-741-6565

212-227-5511

FACSIMILE: 516-741-6706

E-MAIL: meyersuozzi@msek.com

WEBSITE: http://www.msek.com

August 26, 2003

PARTNERS
BERNARD S. MEYER
JOSEPH A. SUOZZI
JOHN F. ENGLISH (1960-1987)
BASIL A. PATERSON
JEFFREY G. STARK
JOHN V. N. KLEIN
HAROLD ICKES
ROBERT M. ARCHER
BRIAN MICHAEL SELTZER
ROBERT N. ZAUSMER
RICHARD G. FROMEWICK
LOIS CARTER SCHLISSEL
MICHAEL A. CIAFFA
BARRY J. PEEK
JACK RUBINSTEIN
RICHARD D. WINSTEN
ANDREW J. TURRO
A. THOMAS LEVIN[5,6]
JULES B. LEVINE
EDWARD J. GUTLEBER
LOWELL PETERSON
DONNALYNN DARLING
PATRICIA GALTERI
RICHARD N. GILBERG[1]
IRWIN BLUESTEIN
JOHN H. BYINGTON III
RICHARD F.X. GUAY
LAWRENCE E. SCHERER[9]
JACK G. RUSSO
RICHARD S. CORENTHAL
PATRICIA MC CONNELL
KEVIN SCHLOSSER
HANAN B. KOLKO
BARRY R. SHAPIRO
ERICA B. GARAY[9]
JILL ROSEN NIKOLOFF
HOWARD B. KLEINBERG[7]

ASSOCIATES
JAMES T. ROCHFORD
ELIZABETH A. FAUGHNAN[7]
MARTY G. GLENNON
STEVEN E. STAR
RICHARD A. BROOK
ROBERT MARINOVIC
LAURA FALABELLA-REICH
JAYSON J.R. CHOI[1]
IDINA M. HOLMES
ERICA C. GRAY[10]
RICHARD R. RODRIGUEZ
W. MATTHEW GROH[7]
ROBERT C. SPROULE[11]
BRIAN S. STOLAR[10]
ROBERT F. HOWARD
STELLA LELLOS[1]

COUNSEL
ARTHUR E. TARLOW
ANNE J. DEL CASINO[5]
THOMAS F. HARTNETT[2]
JORDAN ROSSEN[8]
NATHANIEL L. CORWIN
LINDA E. RODD
MARK L. NEWFELD
JOHN B. ZOLLO
ROBERT T. MCGOVERN[10]
LYNN M. BROWN

OF COUNSEL
DITCHIK & DITCHIK, LLP

SENIOR ADVISOR GOVERNMENT AFFAIRS
JANICE ANN ENRIGHT[3]

THE ICKES & ENRIGHT GROUP [4]

1   ALSO ADMITTED WASHINGTON D.C
2   MEMBER NEW JERSEY BAR ONLY
    REGISTERED NY STATE LOBBYIST
3   NON-ATTORNEY
4   REGISTERED WASHINGTON D.C. LOBBYIST
5   ALSO ADMITTED FLORIDA
6   ALSO ADMITTED US VIRGIN ISLANDS
7   ALSO ADMITTED CONNECTICUT
8   ALSO ADMITTED MICHIGAN
9   ALSO ADMITTED CALIFORNIA
10  ALSO ADMITTED NEW JERSEY
11  ALSO ADMITTED INDIANA

ALBANY OFFICE
ONE COMMERCE PLAZA
SUITE 1102
ALBANY, NEW YORK 12260
511-465-5551
FACSIMILE: 511-465-2033

WASHINGTON D.C. OFFICE
1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, D.C. 20036
202-955-6340
FACSIMILE: 202-223-0358

NEW YORK CITY OFFICE
1350 BROADWAY
SUITE 501
NEW YORK, NEW YORK 10018
212-239-4999
FACSIMILE: 212-239-1311

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Bedrock Development, Inc.
734 Franklin Avenue
Suite 449
Garden City, New York 11530

> Re:   **Local 138/Funds -and- Bedrock Development, Inc.**
>        **Our File No.: 5618.331**

Dear Sir/Madam:

We are the attorneys for the Local 138, 138A and 138B, International Union of Operating Engineers Fringe Benefit Funds (the "Funds").

Notwithstanding several requests for a payroll audit to be conducted of your firm's books and records pursuant to contract and applicable law, your firm has failed to refused to comply with its legal obligation to schedule an audit.

Accordingly, under the rules and regulations of the Funds, we have been authorized to file a Federal Complaint with the United States District Court for the Eastern District of New York to compel an audit, unless you comply with your audit obligation within seven (7) days of receipt of this letter. In such case, you may be responsible for attorneys' fees, costs and related sums.

We would suggest that you comply with your obligations herein in order to avoid legal action.

Very truly yours,

Marty Glennon

MG:bc

cc:   William K. Duffy, Sr.
       William K. Duffy, Jr.
       John Sommeso
       Schultheis & Panettieri

419554



MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

COUNSELORS AT LAW

1505 KELLUM PLACE

MINEOLA, NEW YORK 11501-4824

516-741-6565
212-227-5511
FACSIMILE: 516-741-6706
E-MAIL: meyersuozzi@msek.com
WEBSITE: http://www.msek.com

PARTNERS
BERNARD S. MEYER
JOSEPH A. SUOZZI
JOHN F. ENGLISH (1960-1987)
BASIL A. PATERSON
JEFFREY G. STARK
JOHN V. N. KLEIN
HAROLD ICKES
ROBERT M. ARCHER
BRIAN MICHAEL SELTZER
ROBERT N. ZAUSMER
RICHARD G. FROMEWICK
LOIS CARTER SCHLISSEL
MICHAEL A. CIAFFA
BARRY J. PEEK
JACK RUBINSTEIN
RICHARD D. WINSTEN
ANDREW J. TURRO
A. THOMAS LEVIN⁵,⁶
JULES B. LEVINE
EDWARD J. GUTLEBER
LOWELL PETERSON
DONNALYNN DARLING
PATRICIA GALTERI
RICHARD N. GILBERG¹
IRWIN BLUESTEIN
JOHN H. BYINGTON III
RICHARD F.X. GUAY
LAWRENCE E. SCHERER⁹
JACK G. RUSSO
RICHARD S. CORENTHAL
PATRICIA MC CONNELL
KEVIN SCHLOSSER
HANAN B. KOLKO
BARRY R. SHAPIRO
ERICA B. GARAY⁹
JILL ROSEN NIKOLOFF
HOWARD B. KLEINBERG⁷

ASSOCIATES
JAMES T. ROCHFORD
ELIZABETH A. FAUGHNAN⁷
MARTY G. GLENNON
STEVEN E. STAR
RICHARD A. BROOK
ROBERT MARINOVIC
LAURA FALABELLA-REICH
JAYSON J.R. CHOI¹
IDINA M. HOLMES
ERICA C. GRAY¹⁰
RICHARD R. RODRIGUEZ
W. MATTHEW GROH⁷
ROBERT C. SPROULE¹¹
BRIAN S. STOLAR¹⁰
ROBERT J. HOWARD
STELLA LELLOS¹

COUNSEL
ANNE J. DEL CASINO⁵
THOMAS F. HARTNETT²
JORDAN ROSSEN⁸
NATHANIEL L. CORWIN
LINDA E. RODD
JOHN B. ZOLLO
ROBERT T. MCGOVERN¹⁰
LYNN M. BROWN

OF COUNSEL
DITCHIK & DITCHIK, LLP

SENIOR ADVISOR GOVERNMENT AFFAIRS
JANICE ANN ENRIGHT³

THE ICKES & ENRIGHT GROUP⁴

1   ALSO ADMITTED WASHINGTON D.C
2   MEMBER NEW JERSEY BAR ONLY
    REGISTERED NY STATE LOBBYIST
3   NON-ATTORNEY
4   REGISTERED WASHINGTON D.C. LOBBYIST
5   ALSO ADMITTED FLORIDA
6   ALSO ADMITTED US VIRGIN ISLANDS
7   ALSO ADMITTED CONNECTICUT
8   ALSO ADMITTED MICHIGAN
9   ALSO ADMITTED CALIFORNIA
10  ALSO ADMITTED NEW JERSEY
11  ALSO ADMITTED INDIANA

ALBANY OFFICE
ONE COMMERCE PLAZA
SUITE 1102
ALBANY, NEW YORK 12260
518-465-5551
FACSIMILE: 518-465-2033

WASHINGTON D.C. OFFICE
1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, D.C. 20036
202-955-6340
FACSIMILE: 202-223-0358

NEW YORK CITY OFFICE
1350 BROADWAY
SUITE 501
NEW YORK, NEW YORK 10018
212-239-4999
FACSIMILE: 212-239-1311

September 26, 2003

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Bedrock Development, Inc.
734 Franklin Avenue - Suite 449
Garden City, New York 11530

> Re:   **Local 138, 138A and 138B -and- Bedrock**
> **Development, Inc.**
> **Our File No.: 6402.330**

Dear Sir/Madam:

We are the attorneys for the Local 138, 138A and 138B, International Union of Operating Engineers Fringe Benefit Funds (the "Funds").

Notwithstanding several requests for a payroll audit to be conducted of your firm's books and records pursuant to contract and applicable law, your firm has failed and refused to comply with its legal obligation to schedule an audit.

In accordance with the rules and regulations of the Funds, we enclose herewith a draft Federal Complaint which we have been authorized to file with the United States District Court for the Eastern District of New York, unless you comply with your audit obligation within seven (7) days of receipt of this letter. You should contact either John Sommeso (631-694-2478) or Schultheis & Panettieri (631-273-4778) to schedule an audit immediately.

We would suggest that you comply with your obligations herein in order to avoid legal action.

Very truly yours,

Marty Glennon

MG:bc
cc:   William K. Duffy, Sr.
      Schultheis & Panettieri
      William K. Duffy, Jr.
      John Sommeso

423700

PARTNERS
BERNARD S. MEYER
JOSEPH A. SUOZZI
JOHN F. ENGLISH (1960-1987)
BASIL A. PATERSON
JEFFREY G. STARK
JOHN V. N. KLEIN
HAROLD ICKES
ROBERT M. ARCHER
BRIAN MICHAEL SELTZER
ROBERT N. ZAUSMER
RICHARD G. FROMEWICK
LOIS CARTER SCHLISSEL
MICHAEL A. CIAFFA
BARRY J. PEEK
JACK RUBINSTEIN
RICHARD D. WINSTEN
ANDREW J. TURRO
A. THOMAS LEVIN[5,6]
JULES B. LEVINE
EDWARD J. GUTLEBER
LOWELL PETERSON
DONNALYNN DARLING
PATRICIA GALTERI
RICHARD N. GILBERG[1]
IRWIN BLUESTEIN
JOHN H. BYINGTON III
RICHARD F.X. GUAY
LAWRENCE E. SCHERER[9]
JACK G. RUSSO
RICHARD S. CORENTHAL
PATRICIA MC CONNELL
KEVIN SCHLOSSER
HANAN B. KOLKO
BARRY R. SHAPIRO
ERICA B. GARAY[9]
JILL ROSEN NIKOLOFF
HOWARD B. KLEINBERG[7]

ASSOCIATES
JAMES T. ROCHFORD
ELIZABETH A. FAUGHNAN[7]
MARTY G. GLENNON
STEVEN E. STAR
RICHARD A. BROOK
ROBERT MARINOVIC
LAURA FALABELLA-REICH
JAYSON J.R. CHOI[1]
IDINA M. HOLMES
ERICA C. GRAY[10]
RICHARD R. RODRIGUEZ
W. MATTHEW GROH[7]
ROBERT C. SPROULE[11]
BRIAN S. STOLAR[10]
ROBERT J. HOWARD
STELLA LELLOS[1]
PETER E. BLOND

COUNSEL
ANNE J. DEL CASINO[5]
THOMAS F. HARTNETT[2]
JORDAN ROSSEN[9]
NATHANIEL L. CORWIN
LINDA E. RODD
JOHN B. ZOLLO
ROBERT T. MCGOVERN[10]
LYNN M. BROWN

OF COUNSEL
DITCHIK & DITCHIK, LLP

SENIOR ADVISOR GOVERNMENT AFFAIRS
JANICE ANN ENRIGHT[3]

THE ICKES & ENRIGHT GROUP[4]

1   ALSO ADMITTED WASHINGTON D.C.
2   MEMBER NEW JERSEY BAR ONLY
    REGISTERED NY STATE LOBBYIST
3   NON-ATTORNEY
4   REGISTERED WASHINGTON D.C. LOBBYIST
5   ALSO ADMITTED FLORIDA
6   ALSO ADMITTED U.S VIRGIN ISLANDS
7   ALSO ADMITTED CONNECTICUT
8   ALSO ADMITTED MICHIGAN
9   ALSO ADMITTED CALIFORNIA
10  ALSO ADMITTED NEW JERSEY
11  ALSO ADMITTED INDIANA



# MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

COUNSELORS AT LAW

1505 KELLUM PLACE

MINEOLA, NEW YORK 11501-4824

516-741-6565
212-227-5511
FACSIMILE: 516-741-6706
E-MAIL: meyersuozzi@msek.com
WEBSITE: http://www.msek.com

ALBANY OFFICE
ONE COMMERCE PLAZA
SUITE 1102
ALBANY, NEW YORK 12260
518-465-5551
FACSIMILE: 518-465-2033

WASHINGTON D.C. OFFICE
1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, D.C. 20036
202-955-6340
FACSIMILE: 202-223-0358

NEW YORK CITY OFFICE
1350 BROADWAY
SUITE 501
NEW YORK, NEW YORK 10018
212-239-4999
FACSIMILE: 212-239-1311

October 24, 2003

**VIA FIRST CLASS MAIL**
**AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Bedrock Development, Inc.
734 Franklin Avenue
Suite 449
Garden City, New York 11530

> Re:  **Local 138/Funds - Bedrock Development, Inc.**
> **Our File No.:   05618.0331**

Dear Sir/Madam:

We are the attorneys for the Local 138, 138A and 138B,
International Union of Operating Engineers Fringe Benefit
Funds (the "Funds").

Notwithstanding several requests for a payroll audit
to be conducted of your firm's books and records pursuant
to contract and applicable law, your firm has failed and
refused to comply with its legal obligation to schedule an
audit.

Accordingly, under the rules and regulations of the
Funds, we have been authorized to file a Federal Complaint
with the United States District Court for the Eastern
District of New York to compel an audit, unless you comply
with your audit obligation within seven (7) days of receipt
of this letter.  In such case, you may be responsible for
attorneys fees, costs and related sums.

We would suggest that you comply with your obligations
herein in order to avoid legal action.

Very truly yours,

Richard Rodriguez

RR:bc
cc:  William K. Duffy, Sr.
     William K. Duffy, Jr.
     John Sommeso
     Joseph Hurley
     Schultheis & Panettieri
     Robert M. Archer

427443

**EXHIBIT 3**

# Schultheis&Panettieri, LLP
## CERTIFIED PUBLIC ACCOUNTANTS

Please Reply to:
210 Marcus Boulevard
Hauppauge, NY 11788-3701
Telephone: (631) 273-4778
Fax:        (631) 273-3488

570 Seventh Avenue, Suite 401
New York, NY 10018-1603
Telephone: (212) 302-9413

http://www.snpcpa.com

Vincent Panettieri, C.P.A.
Steven Kaye, C.P.A.
Carol Westfall, C.P.A.
Vincent F. Panettieri, C.P.A.
Max Capone, C.P.A.
James M. Heinzman, C.P.A.
Patricia C. Bates, C.P.A.
Donna Panettieri, C.P.A.

**INDEPENDENT ACCOUNTANTS' REPORT
ON APPLYING AGREED-UPON PROCEDURES**

Board of Trustees
c/o Robert Link, Esq.
International Union of Operating Engineers
  Local 138 Benefit Funds
137 Gazza Boulevard
P.O. Box 206
Farmingdale, New York 11735

**REVISED 5/17/04**

Re:  Payroll Audit: Bedrock Development, Inc.
     June 1, 2003 – December 31, 2003

We have performed the procedures enumerated, which were agreed to by the management of the International Union of Operating Engineers Local 138 Benefit Funds ("the Funds"), solely to assist you with respect to determining whether the amount of employer contributions provided by Bedrock Development, Inc. ("the Employer") on behalf of Funds' participants for the period June 1, 2003 through December 31, 2003 were made in accordance with collective bargaining agreements. The management of the Funds is responsible for the collection of employer contributions. This agreed-upon procedures engagement was conducted in accordance with attestation standards established by the American Institute of Certified Public Accountants. The sufficiency of the procedures is solely the responsibility of those parties specified in this report. Consequently, we make no representation regarding the sufficiency of the procedures described below either for the purpose for which this report has been requested or for any other purpose.

A.  **Procedure:** Gross wages reported in Employer's payroll records were compared to federal and state payroll tax filings. Any discrepancies that aggregate $500.00 or more, per quarter, will be reported.

**Finding:** Exceptions were found as a result of applying the procedure. Payroll records and payroll taxes were not available for review for entire audit period. Certified payroll from Kings Park project was only source of payroll provided for review.

MAY-26-2004 CR-32AM FROM- Case 2:03-cv-05674-JS Document 12 Filed 06/07/04 Page 19 of 23 PageID #: 31 T-260 P.003/004 F-792

I.U.O.E. Local 138 Benefit Funds Payroll Audit

B. **Procedure:** Total payroll hours for participants were compared to total stamp purchases and total stamp redemptions. Any stamp hours not redeemed at the time the procedures were performed were credited to the appropriate participant, provided the Employer's records indicated who received unredeemed stamps. Any discrepancies that aggregate 20 hours or more for an individual participant, per stamp year, will be reported.

**Finding:** No exceptions were found as a result of applying the procedure.

C. **Procedure:** Employer's cash disbursement journal was reviewed for transfers to related companies and non-payroll disbursements to participants. All transfers to related companies will be reported. Any non-payroll disbursements to participants that aggregate $500.00 or more, per calendar year, will be reported.

**Finding:** Exceptions were found as a result of applying the procedure. Cash disbursement journal was not provided for review.

D. **Procedure:** Union Wage Reports, Employer's payroll records and fringe benefit contributions were analyzed to ensure that grease time wages and benefits were appropriately paid. Any discrepancies that aggregate 10 hours or more in a stamp year will be reported.

**Finding:** Exceptions were found as a result of applying the procedure, as noted in Appendix A.

E. **Procedure:** Participants who are owner/operators or salaried principals were requested to document any payroll hours which did not fall within the jurisdiction of the Union. Total payroll hours, less hours documented as falling outside the jurisdiction of the Union, were compared to total hours reported to the Funds. Any discrepancies that aggregate 20 hours or more for an individual owner/operator or salaried principal in a stamp year will be reported.

**Finding:** Exceptions were found as a result of applying the procedure, as noted in Schedule A.

F. **Procedure:** Equipment rental company's cash receipt journal and billing invoices were analyzed to determine total hours billed for equipment rental. Total billable hours for equipment rental were compared to total benefits purchased through applicable "outside vendor" account. Any discrepancies that aggregate 100 hours or more in a stamp year will be reported.

**Finding:** No exceptions were found as a result of applying the procedure.

These agreed-upon procedures do not constitute an audit or review of the Employer's financial statements or any part thereof, the objective of which is the expression of an opinion or limited assurance on the financial statements or a part thereof. Accordingly, we do not express such an opinion or limited assurance. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

This report is intended solely for the information and use of the Funds, and is not intended and should not be used by anyone other than those specified parties.

Hauppauge, New York

REPORT DATE:  March 22, 2004

ISSUE DATE:  April 13, 2004

Revised May 17, 2004

/lb

**EXHIBIT 4**

LOCAL 138 COLLECTIONS
BEDROCK DEVELOPMENT

| Employee | Date | Hours | Amount | Description |
|---|---|---|---|---|
| 190 | 8/11/03 | 1.00 | 75.00 | Dun & Bradstreet company research Re: Bedrock Development. |
| | | | | Memorandum Re: company research including Dun & Bradstreet report and NY Secretary of State record (Bedrock Development, |
| 190 | 8/25/03 | 0.50 | 37.50 | Inc.) |
| 140 | 8/26/03 | 0.50 | 92.50 | Telephone conference with J. Sommeso regarding status; draft attorney demand letter. |
| 176 | 10/9/03 | 0.25 | 31.25 | Draft memorandum; telephone conference with client. |
| 176 | 10/12/03 | 0.75 | 93.75 | Draft letter; draft memorandum; receipt and review of letter. |
| 176 | 11/3/03 | 1.25 | 156.25 | Review file regarding case status; E-mail to Schultheis & Panettieri regarding audit; edit complaint. |
| 176 | 11/7/03 | 0.25 | 31.25 | Finalize summons and complaint and file with court. |
| 176 | 11/11/03 | 0.75 | 93.75 | Draft several letters. |
| 176 | 11/18/03 | 0.50 | 62.50 | Receipt and review of affidavit of service; file same with Court; draft letter. |
| 176 | 12/3/03 | 3.25 | 406.25 | Draft motion for default judgment. |
| 176 | 12/9/03 | 0.25 | 31.25 | Draft letter; file affidavit of service with Court. |
| | | | | Receipt and review of Order; served defendant with same; draft letter; review and edit Memorandum of Law in Support Default |
| 176 | 1/6/04 | 1.00 | 125.00 | Judgment. |
| 176 | 1/13/04 | 0.50 | 62.50 | Review the Motion for Default Judgment; draft memorandum in regard to CBA. |
| 176 | 1/16/04 | 0.25 | 31.25 | File Default Judgment; draft letter. |
| 176 | 1/23/04 | 0.25 | 31.25 | Receipt and review of Order; served Defendant with same. |
| 176 | 1/27/04 | 0.25 | 31.25 | Receipt and review of Clerk's Notation of Default. |
| 176 | 2/5/04 | 0.20 | 25.00 | Draft letter; telephone call with Judge Seybert's Chambers. |
| 176 | 2/10/04 | 0.10 | 12.50 | Receipt and review of email notification from Court. |
| | | 11.80 | 1430.00 | |



MATTER INQUIRY - Expense List

File   Edit   Search   Options   Command   Help

| 05618 | | LOCAL 138 COLLECTION | | 0331 | | BEDROCK DEVELOPMEN |

| Billed | Expense Date | ID | Description | | | Recorded Value | Billing Value |
|---|---|---|---|---|---|---|---|
| Yes | 11/ 07/ 2003 | 018 | Filing Fee | | | 150. 00 | 150. 00 |
| Inv # | 82692 | | PITW | | | OC Atty ID | |
| Yes | 11/ 13/ 2003 | 013 | Process Service | | | 40. 00 | 40. 00 |
| Inv # | 03308 | | PITW | | | OC Atty ID | |
| Yes | 11/ 26/ 2003 | 013 | Process Service | | | 85. 00 | 85. 00 |
| Inv # | 84343 | | PITW | | | OC Atty ID | |

Grand Totals:  275. 00  275. 00

Pg 1 of 1   Sess 52212          Form 1 of 1          OVR   NUM