UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
WILLIAM K. DUFFY, KENNETH HUBER,
PHILLIP CAPOBIANCO, JOHN DUFFY, PAUL
O'BRIEN, ROBERT CARLINO, JAMES HEANEY,
ROBERT P. POLITO, SCOTT ADRIAN, and
THOMAS WALTERS, as Trustees of Local
138, 138A and 138B, International Union of
Operating Engineers Welfare Fund, Legal Fund,
Vacation Fund, Apprenticeship Training Fund, and
Annuity Fund, and MICHAEL FANNING as Chief
Executive Officer of the Central Pension Fund,

                Plaintiffs,                CV-03-5674 (JS)(ETB)

   -against-                              <u>REPORT AND
                                                  RECOMMENDATION</u>

BEDROCK DEVELOPMENT, INC.,

                Defendant.
------------------------------------------------------------------------x

TO THE HONORABLE JOANNA SEYBERT, UNITED STATES DISTRICT JUDGE:

      The plaintiffs, William K. Duffy, along with other named Trustees (collectively referred to as the "Trustees") of the Local 138, 138A and 138B Welfare, Legal, Vacation, Apprenticeship Training and Annuity Funds (collectively referred to as the "Funds"), have brought this ERISA action against the defendant corporation, Bedrock Development, Inc. ("Bedrock"), seeking to compel an audit of Bedrock's books and payroll records, in accordance with its statutory and contractual obligations, and to recover union benefit plan contributions that Bedrock was obligated to pay under the terms of the collective bargaining agreement.

<u>BACKGROUND</u>

1

The complaint in this action was filed on November 10, 2003. In their complaint, the Trustees aver that the defendant, Bedrock, is bound by a collective bargaining agreement ("CBA") with Local 138, 138A and 138B, which governs the rates of pay, wages, hours of employment and conditions of work of Union members and others employed by Bedrock. (Compl. ¶ 9.) Pursuant to the CBA, Bedrock is required to file certain employer contribution reports with the Funds and to permit and cooperate with the Trustees in the conduct of an audit of its books and payroll records and to furnish to the Funds such information to ensure compliance with the terms of the CBA. (Id. ¶ 14.) The Trustees allege that, despite demands made upon it, Bedrock has failed to permit an audit of its books and records and has refused to furnish to the Funds the information requested. (Id. ¶ 15.) The Trustees seek an order compelling the defendant to cooperate with an audit.

Pursuant to the CBA, Bedrock is also statutorily required, under § 515 of ERISA, 29 U.S.C. § 1145, to make certain monetary contributions to the Funds. (Id. ¶ 21.) The Trustees allege that Bedrock has failed to make such contributions as required. (Id. ¶ 22.) The Trustees seek the unpaid fringe benefit contributions, plus interest, liquidated damages and attorney's fees and costs, as provided for under the CBA. (Id. ¶ 23.)

On January 22, 2004, the Clerk of the Court certified that the defendant has neither answered the complaint nor appeared in this action. Pending before the court is the Trustees' motion for the entry of a default judgment. Subsequent to the Clerk's notation of default, on March 22, 2004, Bedrock permitted the Trustees access to its books and records. (Aff. of Kristina D. Judice dated June 7, 2004, at ¶ 8, and Exh. 3 annexed thereto.) Therefore, the only remaining relief the Trustees seek is an award of attorney's fees and disbursements. Judge Seybert referred the instant motion to the undersigned for a Report and Recommendation as to whether a default judgment should be granted as well as whether the Trustees are entitled to receive attorney's fees and costs.

DISCUSSION

A.    Default Judgment

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-appearing party. See Fed. R. Civ. P. 55. After entry of the default, "a defendant is deemed to have admitted all of the well-pleaded allegations raised in the complaint pertaining to liability." Time Warner Cable of N.Y. v. Rivera, No. 99-2339, 1995 WL 362429, at *2 (E.D.N.Y. June 8, 1995); see also Time Warner Cable of N.Y. v. Barbosa, No. 98-3522, 2001 WL 118606, at *5 (S.D.N.Y. Jan. 2, 2001) (quoting Transworld Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). Damages, however, must be proven, usually "at an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." Rivera, 1995 WL 362429, at *2 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1993)).

The Trustees filed their complaint on November 10, 2003. A copy of the summons and complaint was served on Bedrock on November 13, 2003 and November 26, 2003, pursuant to Federal Rule of Civil Procedure 4(h)(1). (Aff. of Richard Rodriguez dated Jan. 20, 2004, at ¶ 4, and Exh. B, annexed thereto.) The Clerk of the Court certified on January 22, 2004 that Bedrock has not answered the complaint or otherwise appeared in this action. Based on the foregoing, the undersigned recommends that the Trustees be granted a default judgment compelling Bedrock to submit to an audit of its books and records and awarding the Trustees attorney's fees and costs, as requested.

B.    Attorney's Fees

Section 502(g)(1) of ERISA allows for the award of attorney's fees and costs to either party. See 29 U.S.C. § 1132(g)(1). I have reviewed the affidavit submitted by counsel for the Trustees, Kristina Judice, requesting $1,805.00 in attorney's fees, with hourly rates of $185.00 per

3

hour for partners, $125.00 per hour for associates, and $75.00 per hour for legal assistants, all of which I find to be reasonable. (Aff. of Kristina Judice dated June 7, 2004, at ¶¶ 10-11.) Although counsel's affidavit is supported by contemporaneous time records, see Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir. 1998) (holding that attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done"), the billing records reveal that counsel has only incurred $1,430.00 in attorney's fees thus far. (Exh. 4, annexed to Aff. of Kristina Judice.) Ms. Judice avers in her affidavit that she expects to "expend an additional three (3) hours in connection with this matter and in preparing the within application, amounting to an additional $375.00 . . . in legal fees and costs." (Aff. of Kristina Judice dated June 7, 2004, at ¶ 11.) However, Ms. Judice has not submitted billing records to substantiate this claim. The court does not award prospective attorney's fees, but rather only reimburses for time actually charged. Accordingly, I recommend that attorney's fees be awarded in the sum of $1,430.00, without prejudice to any renewed application for additional fees or costs actually incurred.

C.      Disbursements

The Trustees submitted an itemized expense list, which includes the following: (1) $150.00 in filing fees and (2) $125.00 in process server fees. (Exh. 4, annexed to the Aff. of Kristina Judice.) Both are reasonable expenditures in this action. The court recommends that the Trustees be granted costs in the amount of $275.00.

RECOMMENDATION

For the foregoing reasons, the undersigned recommends the following: (1) the court grant plaintiffs' motion for a default judgment compelling defendant to submit to an audit of its books and records; and (2) plaintiffs be awarded attorney's fees in the sum of $1,430.00 and costs in the

4

amount of $275.00, for a total monetary award of $1,705.00, without prejudice to any renewed application for any additional fees or costs incurred.

<u>OBJECTIONS TO THIS REPORT AND RECOMMENDATION</u>

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report.  Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), and 72(b); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 506 U.S. 1038 (1992); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Plaintiff's counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED.

Dated: Central Islip, New York
       June 16, 2004

                                                      _____
                                                      E. THOMAS BOYLE
                                                      United States Magistrate Judge